IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CORKY DENNIS OGLE,

    Petitioner,                       No. 2:12-cv-1915 GEB CKD P

    vs.

WILLIAM KNIPP,

    Respondent.                  ORDER AND

_____/    FINDINGS AND RECOMMENDATIONS

        Petitioner, a California prisoner proceeding without counsel, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 along with a request to proceed in forma pauperis. Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

        Petitioner also requests appointment of counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. As demonstrated below, the interests of justice would not be served by the appointment of counsel.

1

1  Under Rule 4 of the Rules Governing § 2254 Cases, the court must conduct a
2  preliminary review of § 2254 habeas petitions and dismiss any petition where it plainly appears
3  that petitioner is not entitled to relief.  An application for a writ of habeas corpus by a person in
4  custody under a judgment of a state court can be granted only for violations of the Constitution or
5  laws of the United States.  28 U.S.C. § 2254(a).

6  In 1976, petitioner was convicted of several crimes including two counts of
7  murder.  The convictions were upheld on direct appeal.  Recently, petitioner requested
8  permission in California's Courts to have items used as evidence at his trial subjected to DNA
9  testing.  However, counsel appointed to represent petitioner could not locate any items which
10 could be tested because, according to counsel, the items had either been destroyed by the Butte
11 County District Attorney's Office or returned to the owner of the property in 1985.

12 Petitioner asserts he is entitled to habeas relief due to the failure of the Butte
13 County District Attorney to retain evidence which could now be subject to DNA testing.
14 However, nothing in the Constitution, or any other federal law in existence at the time
15 petitioner's convictions become final on direct appeal, or even now, requires that evidence be
16 retained beyond the conclusion of direct appeal by state governments for future DNA testing or
17 otherwise.  Petitioner also seems to suggest that the Butte County District Attorney did not
18 conduct an adequate search for evidence when requested to do so by petitioner's counsel in 2011.
19 Petitioner fails to point to any evidence in support of this and, in fact, attaches to his petition a
20 report issued by a Butte County District Attorney's Office investigator indicating he conducted a
21 rather exhaustive search.  Because it is plain that petitioner is not entitled to federal habeas relief,
22 the court will recommend that petitioner's application for writ of habeas corpus be summarily
23 denied.
24 /////
25 /////
26 /////

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's request to proceed in forma pauperis (#2) is granted; and

2. Petitioner's request for the appointment of counsel (#2) is denied.

IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for writ of habeas corpus be denied; and

2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, petitioner may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 10, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
ogle1915.dis